# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeremy Cobb,<br><br>       Plaintiff,<br><br>v.<br><br>Cavalry Portfolio Services LLC, John Doe #1, John Doe #2, John Doe #3, Jane Doe #4, and John Doe #5.<br><br>       Defendants. | Civil No.: _____<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Jeremy Cobb is a natural person who resides in the City of Corcoran, County of Hennepin, State of Minnesota, and is a "consumer" as that term is

defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5.   Defendant Cavalry Portfolio Services LLC (hereinafter "Defendant CPS") is a collection agency operating from an address of 4050 East Cotton Center Blvd., Building 2, Suite 20, Phoenix, AZ 85040, with a Minnesota agent of process of CT Corporation System, Inc., 100 S 5th Street #1075, Minneapolis MN 55402, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.   Defendant John Doe #1 (hereinafter "Defendant Doe #1") is a natural person who was employed at all times relevant herein by Defendant CPS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.   Defendant John Doe #2 (hereinafter "Defendant Doe #2") is a natural person who was employed at all times relevant herein by Defendant CPS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8.   Defendant John Doe #3 (hereinafter "Defendant Doe #3") is a natural person who was employed at all times relevant herein by Defendant CPS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9.    Defendant Jane Doe #4 (hereinafter "Defendant Doe #4") is a natural person who was employed at all times relevant herein by Defendant CPS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10.   Defendant John Doe #5 (hereinafter "Defendant Doe #5") is a natural person who was employed at all times relevant herein by Defendant CPS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11.   In or about 2004, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, an alleged club membership debt with Sam's Club in the approximate amount of $3,500.

12.   Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

### *October 5, 2011 Collection Call*

13.   On or about October 5, 2011, one of Defendant CPS's collectors contacted Plaintiff by telephone in an effort to collect this debt, which was a

"communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14.  Plaintiff received this call from telephone number (602) 667-0128 at approximately 8:13PM.

15.  Plaintiff advised the collector that he was unable to pay the alleged debt.

16.  Plaintiff further stated that he was considering bankruptcy.

17.  The collector then inquired into an open line of credit the collector saw on Plaintiff's credit report.

18.  Thereafter, Defendant Doe #1, who identified himself as a manager, came on the line.

19.  Defendant Doe #1 asked Plaintiff why he was considering bankruptcy.

20.  Defendant Doe #1 then strongly suggested to Plaintiff that bankruptcy was not a legal or honest remedy.

21.  Defendant Doe #1 then asked Plaintiff if he was, "refusing to pay" or words to that effect.

22.  Plaintiff never refused to pay as was falsely implied by Defendant Doe #1.

23.  Plaintiff explained to Defendant Doe #1 that he had other liabilities and that regrettably, Defendant CPS was not a high priority at the moment.

24.  Defendant Doe #1 then became confrontational, asking what Defendants could do to make it a priority.

25.   After continuing to demean Plaintiff, Defendant Doe #1 threatened to "make a recommendation in Plaintiff's file to a VP" or words to that effect.

26.   This threat was intended to create a false sense of urgency and bully Plaintiff into making a payment.

27.   Plaintiff asked Defendant Doe #1 what he meant by these threats.

28.   Defendant Doe #1 refused Plaintiffs request to provide an explanation regarding his threats.

29.   Instead Defendant Doe #1 stated that he would "switch gears" and take a new approach or words to that effect.

30.   Finally, Defendant Doe #1 humiliated Plaintiff once again, stating, "you wonder why you can't wrap your arms around your problems" or words to that effect.

31.   Plaintiff felt that Defendant Doe #1 was belittling him because Defendant Doe #1 believed that it was through Plaintiffs own irresponsibility that led to his current financial situation.

32.   Thereafter the call ended.

33.   All of the above-described collection communications made to Plaintiff by Defendant Doe #1 and other collection employees employed by Defendant CPS, were made in violation of numerous and multiple provisions of the

FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(2), 1692e, 1692e(7), and 1692f, amongst others.

### *October 6, 2011 Collection Call*

34.   On or about October 6, 2011, Defendant CPS's collector, Defendant Doe #2, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

35.   Plaintiff received this call from telephone number (602) 667-0128 at approximately 8:12PM.

36.   Defendant Doe #2 immediatly began collecting the alleged debt.

37.    Plaintiff again explained that he had obligations, which were a higher priority than Defendant CPS at the moment.

38.   Defendant Doe #2 then flippantly asked, in an attempt to demean and embarrass Plaintiff, "what were you thinking" or words to that effect.

39.   Thereafter, Defendant Doe #2's manager, Defendant Doe #3, came on the line.

40.   Defendant Doe #3 then asked Plaintiff if he was "refusing to pay" or words to that effect.

41.   Plaintiff never refused to pay as was falsely implied by Defendant Doe #3.

42.   Thereafter, the call ended.

43.     All of the above-described collection communications made to Plaintiff by Defendant Doe #2 and Defendant Doe #3, collection employees employed by Defendant CPS, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(2), 1692e, 1692e(7), and 1692f, amongst others.

### *October 24, 2011 Collection Call*

44.     On or about October 24, 2011, Defendant CPS's collector, Defendant Doe #4, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

45.     Plaintiff received this call from telephone number (800) 861-4768 at approximately 7:32PM.

46.     Defendant Doe #4 immediately began collecting the alleged debt.

47.     During the course of the collection call, Defendant Doe #5 came on the line.

48.     Defendant Doe #5 stated that Defendant CPS owns the debt.

49.     Defendant Doe #5 then stated that the case as been "approved for legal" on October 21, 2011 or words to that effect.

50.     Defendant Doe #5's statements were intended to create a false sense of urgency and bully Plaintiff into making a payment.

51.   Defendant Doe #5 threatened that Defendants would commence a lawsuit soon.

52.   Defendant Doe #4 then came back on the line and asked if Plaintiff was "refusing to pay" or words to that effect.

53.   Plaintiff never refused to pay as was falsely implied by Defendant Doe #4.

54.   Thereafter, the call ended.

55.   All of the above-described collection communications made to Plaintiff by Defendant Doe #4 and Defendant Doe #5, collection employees employed by Defendant CPS, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(7), and 1692f, amongst others.

### Summary

56.   All of the above-described collection communications made to Plaintiff by each individual Defendant and other collection employees employed by Defendant CPS, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

### Respondeat Superior Liability

57.   The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant CPS who communicated with

Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant CPS.

58.    The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant CPS in collecting consumer debts.

59.    By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant CPS.

60.    Defendant CPS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

61.    Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

62.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63.  The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

64.  As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.


Dated: November 30, 2011                    Respectfully submitted
                                            **BARRY, SLADE & WHEATON, LLC**

                                            By:  **s/Christopher S. Wheaton**
                                            Christopher S. Wheaton, Esq.
                                            Attorney I.D.#0389272
                                            2701 University Avenue SE, Suite 209
                                            Minneapolis, Minnesota 55414
                                            Telephone:  (612) 379-8800
                                            Facsimile: (612) 605-2102
                                            cwheaton@lawpoint.com


csw/ko                                      **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA           )
                                    ) ss

COUNTY OF HENNEPIN       )

Pursuant to 28 U.S.C. § 1746, Plaintiff Jeremy Cobb, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _November_ _____ , _30_ ____ , _2011_ _____

                             Month             Day            Year

_____

                                                 Signature